# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:14CV-P38-R

CHRISTOPHER MONTGOMERY                                            PLAINTIFF

v.

KELLY HARPER                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Christopher Montgomery filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I.

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues Defendant Kelly Harper, whom he identifies as a correctional officer at KSP, in his individual and official capacities. Plaintiff reports that Defendant Harper "has constantly made degrading comment's to me about my sexuality. I'm a homosexual male." He states that on February 26, 2014, Defendant "was being very disrespectful. It was 10:45 P.M. and people was asleep. So I asked him to Please stop yelling. And he told me why don't you just shut up and go suck a big fat d***." He states that Defendant discriminates against homosexual men. He maintains that Defendant also "made the comment" that he hoped that homosexuals "die in [their] sleep."

Plaintiff contends that Defendant has violated the "PRea Act that Kentucky has now started to inforce at all correctional institutions with a zero tolerance level." He states that Defendant has also "violated my Declaration of Human Right's Artical # 7 which states, All are equal before the law and are entitled without any discrimination to equal protection of the law."

Plaintiff further maintains that Defendant has also "violated Article # 5 which states, No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment." Plaintiff states, "Due to this incident I'm emotionally & mentally stressed from the discrimination and degrading treatment and inhuman treatment. [Defendant] is under investigation and is on administrative leave until further notice." As relief, Plaintiff seeks compensatory and punitive damages and payment of court fees.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**42 U.S.C. 1983**

The Court will construe Plaintiff's complaint as alleging a constitutional violation for Defendant's verbal harassment and abusive language used against Plaintiff. However, harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation. *Wingo v. Tenn. Dep't of Corr.*, 499 Fed. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, while the alleged conduct by Defendant is offensive and despicable, it does not state a constitutional violation.

To the extent that Plaintiff may also be asserting a claim under the Fourteenth Amendment's Equal Protection Clause, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should

be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, Plaintiff's allegations of verbal harassment and abusive language do not give rise to an equal protection claim. *Jones v. Porter*, No. 99-1326, 2000 U.S. App. LEXIS 8929, at *8 (6th Cir. May 1, 2000) ("Jones's Fourteenth Amendment equal protection claim is without merit, as a prison official's verbal harassment or idle threats do not rise to a constitutional level.") (citing *Ivey v. Wilson*, 832 F.2d at 955); *Price v. Lighthart*, No. 1:10-cv-265, 2010 U.S. Dist. LEXIS 41529, at *7 (W.D. Mich. Apr. 28, 2010) (finding that an allegation that a prison official used racial slurs, standing alone, does not violate the Fourteenth Amendment's guarantee of equal protection) (citing *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1013 & n.61 (5th Cir. 2003)). The complaint contains no allegations that Plaintiff was subjected to a denial or deprivation in violation of the Equal Protection Clause. As such, the complaint fails to state an Equal Protection Clause claim.

Accordingly, Plaintiff's § 1983 claim against Defendant in his individual and official capacities will be dismissed for failure to state a claim upon which relief may be granted.

**PREA**

Plaintiff also states that Defendant violated the "PRea Act." The Court construes Plaintiff's claim as alleging that Defendant's verbally harassing and abusive behavior towards him violated the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.* Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff. *Good v. Ohio Dep't of Rehab. & Corr.*, No. 2:11-cv-00857, 2011 U.S. Dist. LEXIS 127558, at *5 (S.D. Ohio Nov. 3, 2011). *See also Pope v. Oregon Dep't of Corr.*, No. 3:10-cv-00632-KI, 2012 U.S. Dist. LEXIS 71218, *4 (D. Or. May 22, 2012) ("[I]t is well established that there is no private right of action

under PREA.") (citing *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 U.S. Dist. LEXIS 58021, at *1 (E.D. Cal. Apr. 25, 2012) (citing numerous cases)); *LeMasters v. Fabian*, Civil No. 09-702 DSD/AJB, 2009 U.S. Dist. LEXIS 53016, at *2 (D. Minn. May 18, 2009) (PREA "does not create a right of action that is privately enforceable by an individual civil litigant."). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 61460, at *3 (D. Vt. Aug. 12, 2008) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)); *Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009).

Upon consideration, this Court concludes that the PREA creates no private right of action. Plaintiff's claim under that Act must, therefore, be dismissed.

**Declaration of Human Rights**

Plaintiff also alleges a violation of the "Declaration of Human Rights." The Court construes the claim as alleging a violation of the Universal Declaration of Human Rights (UDHR). However, the UDHR is not a treaty or international agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."). Rather, it is a statement of principles aimed at providing a common standard for international human rights. *Id*. at 734-35. Because it is not enforceable in American courts, the UDHR claim will be dismissed.

## IV.

Accordingly, the complaint fails to state a claim upon which relief may be granted and will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.010